# OFFICE OF THE ESSEX COUNTY PROSECUTOR

## CAROLYN A. MURRAY
### ACTING ESSEX COUNTY PROSECUTOR

ESSEX COUNTY VETERANS COURTHOUSE, NEWARK, NEW JERSEY 07102

Tel: (973) 621-4700     Fax: (973) 621-4668



**ROBERT D. LAURINO**
ACTING FIRST ASSISTANT PROSECUTOR

**ANTHONY F. AMBROSE**
ACTING CHIEF OF PROSECUTOR'S DETECTIVES

April 1, 2014

Honorable Judges of the
United States Court of Appeals
For the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re: Robert Moses v. Kathy MacFarland, et al.
Case No. 14-1446**

Honorable Judges:

Please accept this letter as the Respondents' opposition to the Petitioner Robert Moses's Application for a Certificate of Appealability. This Court may issue a Certificate of Appealability pursuant to 28 U.S.C. §2253(c)(1) and Fed.R. 22(b). However, in order for this Court to entertain the motion, the Petitioner is obligated to meet a heavy burden of establishing "a substantial showing of a denial of [one of his] constitutional right[s]." 28 U.S.C. §2253(c)(1) and (2). Slack v. McDaniel, 529 U.S. 473, 481, 120 S.Ct. 1595, 1602, 146 L.Ed.2d 542 (2000). The Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong. Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 3394 n.4, 77 L.Ed.2d 1090 (1983).

Because the Petitioner filed his Petition for a Writ of Habeas Corpus after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court is required to apply the amended standards set forth to the Petitioner's claims for federal habeas corpus relief. Lindh v. Murphy, 521 U.S. 320, 329, 117 S.Ct. 2059, 2064, 138 L.Ed.2d 481 (1997). Accordingly, the federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts. 28 U.S.C. § 2254; 28 U.S.C. § 2244. See Duncan v. Morton, 256 F. 3d 189, 196 (3d Cir. 2001), cert. denied, 534 U.S. 919, 122 S.Ct. 269, 151 L.Ed. 2d 197 (2001). Factual issues determined by a state court are presumed to be correct, and a petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1). "Habeas corpus is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state court. . . ." Williams v. Taylor, 529 U.S. 362, 383, 120 S.Ct. 1495, 1508, 146 L.Ed.2d 389 (2000). The Williams Court pointed out that the habeas corpus statute "is fairly read simply as a command that a federal court not issue the habeas writ unless the state court

was wrong as a matter of law or unreasonable in its application of law in a given case." 529 U.S. at 385, 120 L.Ed.2d at 1509. This Court applies a plenary standard of review to the District Court's legal conclusions, but its factual conclusions are measured under the clearly erroneous standard. Whitney v. Horn, 280 F.3d 240, 249 (3d Cir. 2002).

In the present case, the Petitioner fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, supra, 529 U.S. at 483. He has not demonstrated that the state courts' actions resulted in a decision that was contrary to clearly-established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The state courts' factual findings and legal conclusions were not only "reasonable," they were "correct" as well. Wright v. West, 505 U.S. 277, 305, 112 S.Ct. 2482, 2497, 120 L.Ed. 2d 225 (1992).

Under the circumstances, a Certificate of Appealability should not issue in this case because the Petitioner has failed to meet his burden of proof. See Wert v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000), cert. denied, 532 U.S. 980, 121 S.Ct. 1621, 149 L.Ed. 2d 483 (2001).

                Respectfully submitted,

                Carolyn A. Murray
                Acting Essex County Prosecutor

                s/ Stephen A. Pogany

                Stephen A. Pogany
                Special Deputy Attorney General/
                Acting Assistant Prosecutor
                appellate@njecpo.org

c:  Robert Moses, pro se litigant
    (via certified mail, RRR)