ALD-117                                                              February 20, 2015

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 14-1446

ROBERT MOSES, Appellant

    VS.

KATHY MACFARLAND; ET AL.

    (D.N.J. Civ. No. 2-97-cv-02118)

Present: RENDELL, CHAGARES and SCIRICA, Circuit Judges

    Submitted are:

    (1)    Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1); and

    (2)    Appellees' response in opposition thereto

        in the above-captioned case.

                                      Respectfully,

                                      Clerk

MMW/EGL/eal/cjg

_____ORDER_____

    Appellant's application for a certificate of appealability is denied because appellant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In particular, jurists of reason would not debate the District Court's denial on the merits of appellant's claim under Brady v. Maryland, 373 U.S. 83 (1963), that his prosecutor failed to disclose that the witness Sterling Alexander previously used aliases to evade law enforcement and lied about his identity under oath. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). We note appellant's argument that the District Court should have reviewed this claim de novo and not under the deferential standard set forth in 28 U.S.C. § 2254(d). We conclude, however, that jurists of reason would not debate

whether the evidence at issue was material even if that issue were considered de novo. We do so primarily for the reasons explained by the District Court, including the fact that there was other and stronger evidence against appellant at trial (i.e., the testimony of Andre Shoulers and Demetrice Hardin). Cf. Kyles v. Whitley, 514 U.S. 419, 441-45 (1995). We also note that Alexander's testimony was corroborated by that of those other witnesses and that the impeachment evidence in question does not show that Alexander had any motive to testify untruthfully in this particular case. Finally, we note that while appellant argues how the evidence in question would have undermined Alexander's testimony, appellant has presented no argument on how undermining Alexander's testimony might in turn have resulted in a different outcome at trial in light of the other evidence against him. See id. at 433-34.

By the Court,

s/Anthony J. Scirica
Circuit Judge

Dated: March 18, 2015
CJG/cc:    Jean D. Barrett, Esq.
           Robert Moses
           Stephen A. Pogany, Esq.

**A True Copy:**

Marcia M. Waldron

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.